

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

October 17, 1963

Honorable Henry Wade                    Opinion No. C-164
Criminal District Attorney
Dallas County                           Re: Proper items of court
Dallas, Texas                               costs and costs in
                                            condemnation proceed-
Dear Mr. Wade:                              ings.

        We have your letter in which you request an opinion
pertaining to proper items of court costs and costs in condem-
nation proceedings.

        You enclose a copy of a Bill of Cost in a condemnation
suit containing fees for the County Clerk, Sheriff, and County
Judge, which items you have marked "A - L" inclusive and are
as follows:

        A - Taxing cost - - - - - - - - - - - - -   .50

        B - Filing and Docketing - - - - - - - -   1.00

        C - Recording Notice of Lis Pendens  - -   2.00

        D - Filing four notices - - - - - - - - -  1.00

        E - Filing one notice - - - - - - - - - -   .25

        F - Filing intervention of County - - -    .25

        G - Award of Special Commissioners - - -   .25

        H - Order to withdraw funds - - - - - - - 1.25

        I - Judgment - - - - - - - - - - - - - -   8.00

        The above items A - I are for the County Clerk.

        J - Sheriff fees for serving notices - - 16.00

        K - County Judge fee - - - - - - - - - -  3.00

        L - County Law Library fund - - - - - - - 1.50

You submit the following questions:

"1.  Which of the items listed are pro-
per Court costs?

"2.  Which of the items listed are costs
of the proceeding?

"3.  If any of the items listed are held
to be not included in either (1) or (2) above,
can the office holder performing the service
be legally reimbursed for the work done as
services rendered?"

You state that in view of our Opinion No. WW-1008 dated
March 7, 1961, it appears to you that Items G, H, and I are
proper court costs; that under Articles 6640 and 6641, V.A.C.S.,
Item C appears to be a proper item of cost; that under Article
3912e, it appears that Items A, B, D, E, J, and K are costs of
the proceeding; and that Item L appears to be neither a cost of
a proceeding nor a court cost. You do not express an opinion
as to Item F.

It appears to us that our Opinion No. WW-1008 answers
all the questions propounded by you and we shall briefly review
that opinion, the pertinent parts of which are substantially
as follows:

1.  The Petition or Statement of Condemnation
    is filed with the County Judge who appoints
    the Commissioners.  (Article 3264, Sec. 2).
    Neither the Judge, Clerk, nor Sheriff has
    anything whatever to do with the proceeding
    thereafter until the Commissioners file their
    award or decision with the Judge as provided
    by Article 3265(5).

2.  If no objections to the award are filed, then
    the only fees of office that any officer can
    collect are those by the Clerk who is entitled
    to three fees in the amount allowed by law for
    (1) filing the decision or award, (2) for re-
    cording the award, and (3) for recording the
    judgment which the County Judge has made by
    making the award the judgment of the court.
    These are the only fees of office that can
    be charged by any officer if no objections
    to the award are filed.  If a Lis Pendens
    Notice is filed the Clerk will collect the
    fee provided by law, not as court costs nor

as costs of the proceeding, but as a fee for filing and recording instruments.

3. If the condemnor does not pay the damages directly to the condemnee, but pays same into court as provided by Art. 3268(1), and the money is withdrawn by the condemnee, there is no fee to be collected by any officer. The money is not withdrawn by an order of the court, but only by an order of the condemnee. There is no provision in law for paying the Clerk any compensation for this service.

4. If objections to the award are filed, then the proceeding becomes a civil cause as provided by Art. 3266(6), and the officers are allowed to charge the regular fees allowed by law for services in a civil cause. If the Clerk is required to issue citations, he is authorized to charge a fee allowed by law for such service. If the Sheriff or Constable is required to serve citations, he is authorized to collect the fees allowed by law for such service. This is the first time that the Sheriff has anything to do with the condemnation proceeding. If objections are filed, the cause becomes a civil cause, and the Judge is allowed to collect the fee provided by law for each civil case.

## FIRST AND SECOND QUESTIONS

We believe that the first two questions propounded by you may better be answered by giving our opinion as to each item mentioned by you as follows:

Items A and B are proper court costs for the Clerk only if objections to the award or decision are filed and the Clerk sets up the proceeding as a civil cause. If no objections to the award are filed, then such items are not a proper charge in any case.

Item C is not a proper item of court costs or costs of the proceeding. The party filing a Lis Pendens Notice, even

if the State or County, under Art. 3219e, V.C.S., is now required to pay the recording and filing fee to the Clerk.

Items D, E, and F are not proper items of court costs or costs of the proceeding. These are services to be performed by the Commissioners who are paid for all services as provided by Art. 3266(3), V.C.S. Item F is a proper item of court costs if the intervention is filed after objections to the award are filed.

Item G is a proper item of costs in every case. In addition to this, the Clerk is, in every case, entitled to a fee for recording the award if that is done. If the judgment and award are combined in one instrument, then only one fee is charged.

Item H is not a proper item of court costs or costs of the proceeding. The law does not make any provision for any fee for such service even if the money is handled by the Clerk.

Item I is a proper item of costs in every case. However, we cannot say that the amount of $8.00 set out is a proper amount. Art. 3930, V.C.S., sets the amount of the fee.

Item J is not a proper item of court costs. It is a proper item of costs of the proceeding. Under Art. 3264(6), V.C.S., the notices may be served by any person competent to testify. If the Sheriff performs this service he should collect his compensation through the proceeding and not through the Clerk.

Items K and L are proper items of court costs only if objections to the award are filed and if the proceeding becomes a civil cause. If no objections are filed, the County Judge does not receive any compensation whatever and no library fee is charged.

## THIRD QUESTION

You quote Section 1 of Article 3912e, V.C.S., and underline and emphasize the last clause or proviso of said Article as follows:

> "Section 1. No district officer
> shall be paid by the State of Texas
> any fees or commissions for any ser-
> vice performed by him; nor shall the
> State or any county pay to any county

> officer in any county containing a
> population of twenty thousand (20,000)
> inhabitants or more according to the
> last preceding Federal Census any fee
> or commission for any service by him
> performed as such officer; provided,
> however, that the assessor and collector
> of taxes shall continue to collect and
> retain for the benefit of the Officers'
> Salary Fund or funds hereinafter pro-
> vided for, all fees and commissions
> which he is authorized under law to
> collect; and it shall be his duty to
> account for and to pay all such moneys
> received by him into the fund or funds
> created and provided for under the
> provisions of this Act; provided further,
> that the provisions of this Section shall
> not affect the payment of costs in civil
> cases or eminent domain proceedings by
> the State, but all such costs so paid
> shall be accounted for by the officers
> collecting the same, as they are re-
> quired under the provisions of this
> Act, to account for fees, commissions
> and costs collected from private par-
> ties; provided further, that the provi-
> sions of this Section shall not affect
> the payment of fees and commissions by
> the State or County for services ren-
> dered by County Officers in connection
> with the acquisition of rights of way
> for public roads or highways, and pro-
> vided that such fees and commissions
> shall be deposited into the Officers'
> Salary Fund of the County by the County
> Officer collecting such fee. As amended
> Acts 1959, 56th Leg., p. 35, ch. 23, § 1."

Prior to the amendment of 1959, Article 3912e prohibited the payment of compensation to district and county officers for any services performed by such officers for the State or County in condemnation proceedings (other than civil causes) or such services as filing and recording instruments (such as Lis Pen-dens) and furnishing certified copies of instruments.

After quoting the above provision, you make the follow-ing statement pertaining to it:

>"It is clear that Section 1, Article 3912e, V.A.C.S., intends for County officers to be reimbursed for all services rendered in connection with the acquisition of rights of ways for public roads or highways. Therefore, if the above listed items are held to not be Court costs or costs of the proceeding, they are surely reimbursable as services rendered under the above statute."

We do not agree with your interpretation of Article 3912e as above quoted. We believe that it is clear that the amendment to Article 3912e was only to allow officers to collect the fees allowed by law for any services in connection with condemnation suits which they were not allowed to collect before the amendment, and that said amendment was not intended to allow the officers to collect for a service that they are not required to render, or any compensation for any service they are required to render for which no compensation is provided by law. See the authorities cited in Opinion No. WW-1008.

The fact that an officer might for convenience do some of the work required of the Judge or Commissioners appointed by him does not authorize the payment of compensation not provided by law. In order to receive compensation, the service rendered by the officer must be required of him and in addition thereto the law must provide for payment of same.

We believe that this sufficiently answers your third question.

### S U M M A R Y

This opinion pertains to the fees or compensation of officers for services in eminent domain proceedings.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

H. Grady Chandler
Assistant

HGC/jp

Honorable Henry Wade, Page 7 (Opinion No. C-164 )


APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

J. C. Davis
Malcolm Quick
William Osborne
Leslie King

REVIEWED FOR THE ATTORNEY GENERAL
By:  Stanton Stone